UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ADAM CATON, SID #839869,** § | |
| § | |
| **Petitioner,** § | |
| § | **SA-22-CV-00177-XR** |
| v. § | |
| § | |
| **SHERIFF JAVIER SALAZAR,** § | |
| § | |
| **Respondent.** § | |

### ORDER OF DISMISSAL

Before the Court is Petitioner Adam Caton's *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). The Court granted Caton leave to proceed *in forma pauperis*. Upon consideration, Caton's section 2241 petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. (ECF No. 1).

#### BACKGROUND

Bexar County court records show Caton has been charged with possession with intent to deliver a controlled substance and felon in possession of a firearm. *See* Search Results (bexar.org) (last visited Mar. 11, 2022). As a result of these charges, he is also facing two motions to revoke probation based on two prior charges of possession and possession with intent to deliver a controlled substance. *Id.* Caton is confined in the Bexar County Adult Detention Center. (ECF No. 1). While confined, Caton filed this section 2241 Petition seeking dismissal of the pending charges and release. (*Id.*).

#### ANALYSIS

Caton contends he was illegally stopped, arrested, and the vehicle he was driving searched in violation of his rights under the Fourth Amendment. (*Id.*). As noted above, Caton seeks dismissal of the pending charges and release. (*Id.*).

*Applicable Law*

When a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks a determination that he is entitled to immediate release or a speedier release, his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, to warrant habeas relief under section 2241, a state petitioner must be in custody *and must have exhausted all available state remedies*. See *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–91 (1973) (emphasis added). Although exhaustion of state remedies is statutorily mandated only for post–trial habeas claims under 28 U.S.C. § 2254(b), well–established Fifth Circuit precedent holds federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre–trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

To exhaust state–court remedies for the purpose of relief under section 2241, a petitioner must fairly apprise the highest state court of the federal rights allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals ("CCA") by either a petition for discretionary review following conviction or a post–conviction writ of habeas corpus. *See id.* (holding that to meet exhaustion requirement, petitioner must present claims to highest state court in "procedurally correct manner"). Moreover, if a claim is raised in the CCA without first having been presented to the proper Texas intermediate appellate court, exhaustion has not been achieved because the doctrine

"requires that the chosen avenue of post-conviction relief, whether direct or collateral, be pursued in such a manner so as not to present claims to a state's appellate courts for the first and only time in a petition for discretionary review." *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990).

### *Application*

Caton seems to contend he has exhausted his available state–court remedies by raising his complaints with the state trial court. (ECF No. 1). He admits he has not further pursued state–court remedies as he is "waiting on first appeal/motion." (*Id.*). Filing a motion with the trial court does not constitute exhaustion for purposes of a section 2241 petition. Additionally, court records show Caton's state criminal proceeding is ongoing. *See* Search Results (bexar.org). Thus, the Court finds Caton has not shown he has exhausted his available state–court remedies prior to seeking relief by way of a section 2241 habeas petition. *See Braden*, 410 U.S. at 489–91. Moreover, Caton has not shown that trial or other existing state procedures — including pretrial habeas review, direct appeal, and post–trial state habeas review — are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go forward here. *See id.*

Additionally, to the extent Caton seeks his immediate release from confinement, his claim is subject to application of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Id.* at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*,

816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [defendant/petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). The Court finds that all prerequisites for abstention under *Younger* are met in the instant case.

## CONCLUSION

Because Caton has not exhausted his state–court remedies and all prerequisites for abstention under *Younger* are met, the Court finds Caton's section 2241 Petition is subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Caton's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 11th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE